

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-2085
Re: Does the law require the division
of the Road and Bridge Fund and
the Automobile License Fees between
the four Commissioners' precincts
at a regular session of the com-
missioners' court, or may it be
legally done at a special session?

This will acknowledge receipt of your letter of
recent date requesting the opinion of this department on the
above stated question.

Your letter reads in part as follows:

"In the division of the Road and Bridge Com-
mon Fund and the Automobile License Fees, which
is placed in the Road and Bridge Common Fund, be-
tween the four Commissioners Precinct does the
law require this to be done at a Regular session
of the Commissioners Court, or may it be legally
done at a Special Session?

"There is some discussion in the Court about
this only being permitted at a Regular Session of
the Commissioners Court, however I am of the opin-
ion that it may be done at either as it is not a
tax levy, but a distribution of taxes and license
fees, however I shall be pleased to have your opin-
ion."

The County Road and Bridge Fund proper is derived
from two sources: County taxes and automobile registration
fees.

Hon. H. A. Hodges, Page 2


As for that portion of the County Road and Bridge Fund consisting of county taxes, Article 6740, Revised Civil Statutes, provides:

"The commissioners' court shall see that the road and bridge fund of their county is judiciously and equitably expended on the roads and bridges of their county, and, as nearly as the condition and the necessity of the roads will permit, it will be expended in each county commissioner's precinct in proportion to the amount collected in such precinct. Money used in building permanent roads shall first be used only on first or second-class roads, and on those which shall have the right of way furnished free of cost to make as straight a road as is practicable and having the greatest bonus offered by the citizens of money, labor or other property."

Disposition of that portion of the County Road and Bridge Fund consisting of automobile registration fees is governed by Section 10 of Article 6675a, Vernon's Civil Annotated Statutes, the pertinent provision of said section reads as follows:

"None of the monies so placed to the credit of the Road and Bridge Fund of a county shall be used to pay the salary or compensation of any County Judge or County Commissioner, but all of said monies shall be used for the construction and maintenance of lateral roads in such county under the supervision of the County Engineer, if there be one, and if there is no such engineer, then the County Commissioners' Court shall have authority to command the services of the Division Engineer of the State Highway Department for the purpose of supervising the construction and surveying of lateral roads in their respective counties. All funds allocated to the counties by the provisions of this Act (Articles 6675a-1 to 6675a-14) may be used by the counties in the payment of obligations, if any, issued and incurred in the construction or the improvement of all roads, including State Highways of such counties and districts therein; or

the improvement of the roads comprising the County Road System."

Article 2354, Vernon's Civil Annotated Statutes, provides that:

"No county tax shall be levied except at a regular term of the court, and when all members of said court are present."

Article 2348, Vernon's Civil Annotated Statutes, reads as follows:

"The regular terms of the commissioners' court shall be commenced and be held at the court house on the second Monday of each month throughout the year and may continue in session one week; provided the court need not hold more than one session each quarter if the business of the court does not demand a session. Any session may adjourn at any time the business of the court is disposed of. Special terms may be called by the county judge or three of the commissioners, and may continue in session until its business is completed."

The division of the Road and Bridge Fund and the Automobile License Fees which are placed in the Road and Bridge Fund does not involve the levying of a tax by the commissioners' court, but is merely a distribution of taxes and license fees. These statutes do not require the division and distribution of the Road and Bridge Fund to be made at a regular term of the court. Therefore, you are respectfully advised that it is the opinion of this department that the division of the Road and Bridge Fund as between the various commissioners' precincts may be done either at a regular term or a special term of the court.

Our opinion No. O-1091, discusses the distribution of county funds derived from automobile registration fees.

Hon. H. A. Hodges, Page 4

We are enclosing herewith a copy of said opinion for your information and convenience.

Trusting that the foregoing fully answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

ENCLOSURE

APPROVED MAR 26, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN